IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

## BRIAN C. FRELIX v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. CR-190587      Joseph A. Woodruff, Judge**

_____

### No. M2020-01653-CCA-R3-PC

_____

The Petitioner, Brian C. Frelix, appeals from the Williamson County Circuit Court's denial of his petition for post-conviction relief from his convictions for four counts of aggravated robbery, four counts of aggravated assault, aggravated burglary, and theft of property valued at $1000 or more but less than $10,000, for which he is serving an effective thirty-eight-year sentence. On appeal, he contends that (1) the post-conviction court erred in not continuing the hearing until the Petitioner could appear in person following the Petitioner's positive COVID-19 test and (2) the court erred in denying his post-conviction claim for ineffective assistance of counsel. We reverse the judgment of the post-conviction court and remand for a hearing at which the Petitioner is present.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Everette E. Parrish, Brentwood, Tennessee, for the Appellant, Brian C. Frelix.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Kim Helper, District Attorney General; for the appellee, State of Tennessee.

# OPINION

## Procedural History

The Defendant's convictions in the present case relate to a Williamson County home invasion in which four victims were held at gunpoint while the house was searched for valuables. *State v. Brian C. Frelix*, No. M2017-00388-CCA-R3-CD, 2018 WL 2722796, at *1 (Tenn. Crim. App. June 6, 2018) (*Frelix I*), *perm. app. denied* (Tenn. Sept. 13, 2018). While in the Williamson County Jail, the Petitioner gave a pretrial statement in which he incriminated himself for offenses in both Davidson and Williamson Counties. *Brian Cameron Frelix*, No. M2019-01070-CCA-R3-PC, 2020 WL 5888144, at *1 (Tenn. Crim. App. Oct. 5, 2020) (*Frelix II*), *perm. app. denied* (Tenn. Mar. 17, 2021). The Petitioner's trial counsel in the Williamson County case filed a motion to suppress the Petitioner's statement on the basis that the Petitioner had been urged by another inmate, who was working as an agent of the State, to give the statement to a police officer. *Id*. at *1. The trial court denied the motion, and this court later affirmed its ruling. *Frelix I*, at *15-17. The Petitioner was convicted of the Williamson County offenses at a trial. *Id*. at *1. He then pleaded guilty to the Davidson County offenses. *Frelix II*, at *1. He later filed a Davidson County post-conviction petition, in which he alleged that his Davidson County trial counsel had been ineffective in failing to file a motion to suppress his pretrial statement. *Id*. The Davidson County post-conviction court denied relief, and on appeal, this court affirmed. *Id*. at 2-7. The Petitioner also filed the present post-conviction proceeding in Williamson County. In the present case, his pro se petition alleged that (1) trial counsel had been ineffective because counsel failed to investigate facts to show that an informant was an agent of the State, failed to object to the indictment as being multiplicitous, and failed to raise challenge on appeal the imposition of consecutive sentences, (2) he was denied due process when the State allowed perjured trial testimony "to go uncorrected," (3) he was denied due process by virtue of the trial court's imposition of consecutive sentences. The Williamson County post-conviction court appointed counsel, who filed an amended petition which reiterated the claims raised in the pro se petition. The Williamson County Circuit Court denied post-conviction relief, and this appeal followed.

## Facts

The post-conviction hearing began with a preliminary discussion of whether the hearing could take place due to the Petitioner's absence due to a positive COVID-19 test. The Petitioner was incarcerated, and prison officials would not provide transportation due to his illness. Post-conviction counsel stated that he had received a message from the Petitioner on the previous Friday evening that the Petitioner "was relieving" counsel of his duties of representation and that the Petitioner wanted to proceed pro se. The record reflects that the hearing took place on October 19, 2020, and this court takes notice that

this date was a Monday. *See* Tenn. R. Evid. 201. Counsel stated that the Petitioner was "invested" in the case and "would not mind being present in court at a future date." Additionally, counsel stated that the Petitioner's "main objective" was to have "more time to take in the new appeal that occurred just two weeks ago" in the Petitioner's Davidson County post-conviction case. The court ruled that the Petitioner did not have a constitutional right to be present at a post-conviction hearing because the right to post-conviction relief was statutory, not constitutional, and that the Petitioner's presence "can be excused because . . . of the prevailing public health emergency." The court denied the Petitioner's motion to discharge counsel and for a continuance.

The post-conviction court also considered whether the post-conviction petition was rendered moot or subject to issue preclusion or collateral estoppel due to this court's opinion in the Petitioner's Davidson County post-conviction case. *See generally Frelix II*. Post-conviction counsel noted that the Petitioner had not been represented by the same trial attorney in both the Williamson County and Davidson County conviction proceedings and argued that the post-conviction court should consider two issues: (1) whether the Petitioner's Williamson County trial counsel had provided ineffective assistance and (2) whether prosecutorial misconduct occurred because the State failed to provide exculpatory material to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The court ruled that it would proceed with the hearing and would reserve its ruling on "whether the element of causation is disposed of as a matter of law by the [post-conviction case] out of Davidson County." The court stated that if it determined that this court's opinion in *Frelix II* did not "as a matter of law dispose of the causation issue," it would "take action accordingly," including having a subsequent hearing for the receipt of any additional proof.

Trial counsel testified that he was appointed to represent the Petitioner in March 2014. He identified the motion to suppress that he filed on the Petitioner's behalf. The State also offered as exhibits four letters from Michael Reynolds, an inmate with whom the Petitioner had been incarcerated. One letter was addressed to Brentwood Police "Chief of Detectives," and the other three were addressed to Brentwood Police Detective Allan Keller. Counsel did not recall if he had seen the latter three letters during his representation of the Petitioner.

An excerpt from the transcript of the motion to suppress was received as an exhibit. Counsel agreed that the transcript excerpt showed that a police officer testified at the suppression hearing that he gave Mr. Reynolds some postage stamps as "an act of kindness." An excerpt from the transcript of the Davidson County post-conviction hearing was received as an exhibit. Counsel agreed that the transcript appeared to show that the police officer witness had given Mr. Reynolds stamps to send mail from the jail to the witness.

Trial counsel testified that when a general sessions judge asked him to accept appointment as the Petitioner's trial counsel, the Petitioner had been "acting very bizarrely" and "talking to the walls," which led counsel to request a mental evaluation. Counsel said the mental evaluation "came back okay," that a preliminary hearing was held in general sessions court, that counsel told the Petitioner not to "talk to anyone," and that counsel was appointed to represent the Petitioner in circuit court. Counsel said he later met with the Petitioner at the jail, at which time the Petitioner advised him that the Petitioner met with the police sometime after the arraignment. We have taken judicial notice of the appellate record in the Davidson County post-conviction case. *See* Tenn. R. Evid. 201(b), (c). The transcript of the Davidson County post conviction hearing reflects that Detective Keller testified as follows:

> Q.    . . . [Mr. Reynolds] was telling you, he was telling you during the interview that he needed to keep in contact with you guys, so he could give more statements, he could let you know what he is doing with [the Petitioner].
>
> A.    Okay.
>
> Q.    Okay. And so is that why you gave him the stamps?
>
> A.    I'm assuming it must be.  Yeah. If he wanted to set up a meeting with [the Petitioner] to talk him into coming to talk to me, to see if he could do that then that is I imagine why I gave him two stamps.
>
> Q.    Okay. And, he, as a result of these two stamps he sent you additional, Mr. Reynolds sent you additional letters; is that correct?
>
> A.    I believe so.

Trial counsel testified that he obtained funds for an investigator, that he obtained the discovery materials, and that he and the investigator reviewed the discovery materials. Counsel said that he and the investigator "tried to look into" Mr. Reynolds and that by the time the motion to suppress was heard, Mr. Reynolds "was out of the jail system." Counsel said his understanding was that Mr. Reynolds was no longer in Tennessee by the time of the suppression hearing. Counsel said that he tried to find Mr. Reynolds in order to present Mr. Reynolds as a suppression hearing witness but that counsel was unable to locate Mr. Reynolds.

Regarding the motion to suppress, trial counsel testified that he argued, first, that the Petitioner had given his pretrial statement after the arraignment and after the State was aware the Petitioner was represented by counsel, second, that Mr. Reynolds had acted as

an agent of the State in coercing the Petitioner to give the statement, and third, that the Petitioner did not give the statement voluntarily "because of the conditions of the jail being isolated for so long." Counsel said, "I raised everything I could possibly think of." Counsel said he offered a witness from the jail, whose name he did not recall, to testify about jail records showing Mr. Reynolds's contact with the Petitioner while the Petitioner was in solitary confinement for an extended period of time. Counsel thought a video recording existed which showed the Petitioner giving the statement in Mr. Reynolds's presence while they ate McDonald's food provided by the police. Counsel agreed that he argued at the suppression hearing and on appeal of the Williamson County convictions that Mr. Reynolds was compensated by the police and therefore was an agent of the State, based upon the stamps an officer gave to Mr. Reynolds, the food and coffee the police gave Mr. Reynolds, and the telephone calls Mr. Reynolds was allowed to make.

Trial counsel testified that he objected to "everything [he] could possibly think of" at the trial. He said he argued successfully that "the kidnapping and the robbery were too similar" and that the jury acquitted the Petitioner of the kidnapping charges. He said, "I didn't think I had much chance of anything but that."

Trial counsel testified that that the Williamson County District Attorney had an "open file" discovery policy. He acknowledged that he did not take advantage of the opportunity to view the district attorney's file. He did not know if the defense investigator viewed the district attorney's file but said she "reviewed all the discovery."

Trial counsel testified that he met with the Petitioner at the jail more than once. He did not specifically recall discussing the State's evidence with the Petitioner, but counsel was sure he had. Counsel said he communicated any plea offers to the Petitioner.

The appellate record of the Petitioner's Williamson County case was received as an exhibit.

Post-conviction counsel asked the post-conviction court to take judicial notice that Detective Allen Keller testified at both a March 13, 2015 hearing and an April 12, 2019 hearing. Counsel did not explain further, but the court observed, "So Detective Keller testified one way at the motion to suppress in Williamson County when [trial counsel] was representing [the Petitioner] and he testified differently at a motion to suppress[1] proceeding in Davidson County, correct?" Counsel responded affirmatively. The court noted,

---

[1] The appellate record in the Davidson County post-conviction case reflects that the April 12, 2019 hearing was the Davidson County post-conviction hearing, not a suppression hearing. The issue in the post-conviction hearing was that trial counsel did not file a motion to suppress the Petitioner's statement in the Davidson County prosecution.

-5-

however, that the Petitioner's Williamson County trial occurred before Detective Keller's testimony at the Davidson County hearing.

After receiving the evidence, the post-conviction court denied relief in a written order. The court reiterated its findings at the hearing that post-conviction relief was a statutory, not a constitutional, right. The court noted that Tennessee Code Annotated section 40-30-110 provides for a petitioner's presence to testify at a post-conviction hearing "if the petition raises substantial question of fact as to events in which the petitioner participated," and the court found that the Petitioner had not raised such issues in the present case. The court noted that the Petitioner's "claims exclusively concern the nature of the relationship between witness Michael Reynolds and law enforcement," which involved events in which Mr. Reynolds and Detective Keller, but not the Petitioner, participated. The court also found that the Petitioner had not presented substantial questions of fact, noting that the Petitioner had previously and unsuccessfully litigated the suppression issue in both the Williamson County conviction proceedings and in the Davidson County post-conviction case. Thus, the court explained that it had denied the Petitioner's motion to continue because the Petitioner did not have a right to be present at the hearing, in view of the facts of the case.

Regarding the Petitioner's claim that trial counsel was ineffective in failing to investigate the facts surrounding the circumstances in which the Petitioner made the statement to Detective Keller, the post-conviction court noted this court's conclusion in the Davidson County post-conviction appeal that the letters from Mr. Reynolds to Detective Keller did not contain any relevant information regarding whether Mr. Reynolds was an agent of the State in procuring the Petitioner's pretrial statement. *See Frelix II*, 2020 WL 5888144, at *11. The court found, as well, that counsel could not be faulted for not anticipating at the time he represented the Petitioner that Detective Keller would testify differently at some future time regarding his reason for giving postage stamps to Mr. Reynolds. The court found that the Petitioner had failed to show that counsel's performance had been deficient. The court found, as well, that the State had sufficient evidence, even if the trial court had suppressed the Petitioner's statement, to support a conviction. Thus, the post-conviction court found that the Petitioner had not shown prejudice. The court denied relief. This appeal followed.

# I

## Denial of Motion to Continue

The Petitioner contends that the post-conviction court erred in denying his motion for a continuance of the post-conviction hearing based upon the Petitioner's inability to attend the hearing due to a positive COVID-19 test. He argues that he should have been allowed to appear pro se at a later date because "he might have raised other issues not raised

by [post-conviction] counsel that may have directly involved [the Petitioner]." We review a court's denial of a motion to continue for abuse of discretion. *See State v. Willis*, 496 S.W.3d 653, 744 (Tenn. 2016). In order to obtain relief, a Defendant must show that he was prejudiced from the denial of a continuance. *Id.*

To support his argument, the Petitioner has referred this court to a "Notice of Rescission of Certain Stipulations" filed by post-conviction counsel before the hearing. The document states that counsel "at the specific direction of Petitioner after October 8, 2020, rescinds certain stipulations filed earlier." No stipulation of facts appears in the record. We interpret the document as a reply pleading to the response the State filed to the post-conviction petition.

Tennessee Code Annotated section 40-30-110(a) provides, in pertinent part, "The petitioner shall appear and give testimony at the evidentiary hearing if the petition raises substantial questions of fact as to events in which the petitioner participated, unless the petitioner is incarcerated out of state[.]" The statute makes provisions for receiving evidence by affidavit or deposition from a petitioner who is incarcerated in another state. *See* T.C.A. § 40-30-110(a) (2018). Likewise, the Rules of the Tennessee Supreme Court provide the following regarding post-conviction hearings:

(a) Petitioner has the right to testify unless petitioner is incarcerated in a state that will not release the petitioner to the custody of Tennessee for appearances at the evidentiary hearing.

(b) Petitioner shall testify at the evidentiary hearing if the petition raises substantial issues of facts, unless the petitioner is incarcerated out of state.

Tenn. R. Sup. Ct. 28, § 8(C)(1)(a), (b). Like the statute, the rule makes provisions for receiving testimony by affidavit or deposition from petitioners incarcerated in another state. *Id.* at 28, § 8(C)(1)(c). Clearly, both the statute and the rule contemplate that a petitioner shall be permitted to attend his post-conviction hearing for the purpose of providing evidence or, at a minimum in the case of a petitioner incarcerated in another state, shall be permitted to provide sworn testimony by affidavit or deposition.

In the present case, we are troubled by post-conviction counsel's statement at the hearing that the issues before the post-conviction court were (1) whether the Petitioner's Williamson County trial counsel had provided ineffective assistance and (2) whether prosecutorial misconduct occurred because the State failed to provide exculpatory material to the defense pursuant to *Brady v. Maryland*, in contrast with the position advanced on appeal that the Petitioner should have been allowed to attend the hearing to present additional issues to the post-conviction court. In this vein, we note the Petitioner's apparent dissatisfaction with post-conviction counsel, as evidenced by counsel's statement at the

hearing that the Petitioner wanted counsel to be dismissed and that the Petitioner wanted to proceed pro se. We, likewise, note that the Petitioner's absence was through no fault of his own in that corrections officials would not transport him for the hearing due to his COVID-19 diagnosis.

The petition and amended petition raised issues which involved "substantial questions of fact as to events in which the petitioner participated." *See* T.C.A. § 40-30-110(a). On the day of the hearing, the post-conviction court was informed that the Petitioner was dissatisfied with his post-conviction counsel to the extent that the Petitioner preferred to proceed pro se. However, the Petitioner was not present, both to address his concerns about proceeding with counsel representing him, and to testify about the claims he wanted to be heard. Instead, the hearing proceeded on the limited claims raised by counsel, with the result being that the remaining claims which had been raised in the petition were waived.

We take judicial notice that the trial and appellate courts of this state have conducted judicial proceedings through various electronic means during the COVID-19 pandemic. The record fails to reflect that any such accommodations were attempted in this case, given the incarcerated Petitioner's diagnosis with COVID-19 and his inability to attend the hearing in person.

Upon consideration, we conclude that the Petitioner was prejudiced when he was denied, through no fault of his own, the opportunity to address his motion to proceed pro se and to testify at his evidentiary hearing. *See Willis*, 496 S.W.3d at 744. The denial of a continuance, in light of these circumstances, was an abuse of discretion. In view of the apparent breakdown of the attorney-client relationship, post-conviction counsel's election in the Petitioner's absence to present fewer than all of the issues raised in the pro se and amended petitions, and the presence of issues in those petitions about which the Petitioner might give factually pertinent testimony, the Petitioner should have been afforded the opportunity to participate in the hearing.

In reaching this conclusion, we are mindful that the Petitioner asserted his desire to proceed pro se and for a continuance mere days before the scheduled post-conviction hearing. Further, he was not entitled to proceed both through counsel and pro se. *See, e.g.*, *State v. Hester*, 324 S.W.3d 1, 31 (Tenn. 2010). An assertion of the right to self-representation must be timely, and it may not be used to disrupt the proceedings. *See id.* Nevertheless, the facts of this case are such that the Petitioner should have been present, whether in person or virtually, in order to ascertain whether counsel should have been excused and to present evidence if the Petitioner desired to pursue claims about which he had factual knowledge.

Finally, we have not overlooked the Petitioner's argument in his reply brief that he was denied due process because he was not afforded the opportunity to attend the hearing and to testify. If a non-constitutional basis exists to resolve an appeal, an appellate court should avoid a decision based upon constitutional grounds. *Keough v. State*, 356 S.W.3d 366, 372 (Tenn. 2011) (holding that an issue involving a post-conviction petitioner's privilege against self-incrimination could be resolved based upon the language of Tenn. R. Sup. Ct. 8(C)(1)(d) and declining to consider whether the issue should be resolved on constitutional grounds).

We reverse the judgment and remand the case for further consideration of the Petitioner's request for post-conviction counsel to be excused and for the Petitioner to be permitted to proceed pro se. We, likewise, remand for the post-conviction court to afford the Petitioner the opportunity to testify at an evidentiary hearing regarding any issues raised in the petition about which he has factual knowledge, in accord with Code section 40-30-110(a).

## II

### Ineffective Assistance of Counsel

Our conclusion that the post-conviction court erred in denying the motion for a continuance and in conducting the hearing in the Petitioner's absence is dispositive of this appeal. However, because of the possibility of further review, we will address the Petitioner's second issue: whether he received the ineffective assistance of counsel because his trial counsel failed to investigate adequately an alleged agency relationship between Mr. Reynolds and Detective Keller. *See, e.g.*, *Jacobs v. State*, 450 S.W.2d 581 (Tenn. 1970) (mem.) (stating that the intermediate court erred by pretermitting its consideration of remaining issues after concluding that error existed as to one issue); *State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999) (concluding that, despite insufficiency of the evidence to support the Defendant's convictions, an intermediate court must, nevertheless, address the merits of the remaining issues).

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

-9-

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In support of his argument that trial counsel did not adequately investigate whether an agency relationship existed between Mr. Reynolds and Detective Keller, the Petitioner notes the discrepancy between Detective Keller's testimony at the Williamson County suppression hearing and at the Davidson County post-conviction hearing regarding Detective Keller's motivation for providing two stamps to Mr. Reynolds. The post-conviction court found that counsel could not be faulted for failing to know, at the time counsel represented the Petitioner in the Williamson County conviction proceedings, that Detective Keller would testify differently at another hearing held after the Petitioner was convicted at the Williamson County trial. Counsel testified that he and the defense investigator reviewed the discovery materials. Counsel pursued a motion to suppress, which the trial court denied after a hearing. Nothing in the record suggests that counsel could have known that additional investigative efforts would have led to the discovery of information that was helpful to the defense and that the information would yield a more

favorable result at the Petitioner's Williamson County trial. Further, the Petitioner has not provided legal authority to support a conclusion that a police officer's providing two postage stamps to an inmate is sufficient to create an agency relationship between the inmate and the State when the inmate uses the stamps to send letters to the officer about incriminating statements made by another inmate. To the contrary, the issue regarding the stamps was raised in the previous appeals. *Frelix II*, at *8-9; *Frelix I*, at *1. This court held in both *Frelix I* and *Frelix II* that no agency relationship existed between Mr. Reynolds and Detective Keller. *Frelix II*, 2020 WL 5888144, at *7-9; *Frelix I*, 2018 WL 2722796, at *15-17.

The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is reversed. The case is remanded for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE